UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONIA I. RODRIGUEZ,

                                Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

                         Defendant.

Civil Action No.: 18-11095
Honorable George Caram Steeh
Magistrate Judge Elizabeth A. Stafford

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 11, 17]

Plaintiff Sonia Rodriquez appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Rodriguez's motion [ECF No. 11] be **GRANTED**;

- the Commissioner's motion [ECF No. 17] be **DENIED**; and

- the matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and

recommendation.

## I.    BACKGROUND

### A.    Rodriguez's Background and Disability Applications

Born October 5, 1975, Rodriguez was 39 years old on the alleged

disability onset date of January 21, 2014.  [ECF No. 7-5, Tr. 178].  She has

past relevant work as a secretary and estimator.  [ECF No. 7-2, Tr. 27].

Rodriguez claims disability because of fibromyalgia, anxiety,

bulging/degenerative cervical discs, arthrofibrosis in left knee, arthritis in

right knee, kidney and liver issues, colitis, migraines, and loss of memory.

[ECF No. 7-6, Tr. 193].

After a hearing on April 27, 2017, during which Rodriguez and a

vocational expert (VE) testified, the ALJ found that Rodriguez was not

disabled.  [ECF No. 7-2, Tr. 29, 38-65].  The Appeals Council denied

review, making the ALJ's decision the final decision of the Commissioner.

[ECF No. 7-2, Tr. 1-7].  Rodriguez timely filed for judicial review.  [ECF No.

1].

### B.    The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14

F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Rodriguez was not

disabled.  At the first step, he found that Rodriguez had not engaged in

substantial gainful activity since the alleged onset date of January 21,

2014.  [ECF No. 7-2, Tr. 17].  At the second step, he found that Rodriguez

had the severe impairments of fibromyalgia, chronic regional pain

syndrome (CRPS), degenerative disc disease, osteoarthritis, disorder of

the urinary tract, and affective disorder."  [*Id.*].  Next, the ALJ concluded

that none of her impairments, either alone or in combination, met or

medically equaled the severity of a listed impairment.  [*Id.*, Tr. 17-20].

Between the third and fourth steps, the ALJ found that Rodriguez had

the RFC to perform light work, except:

> no climbing of ropes, ladders of scaffolds; only occasional
> remaining postural; and avoid concentrated exposure to
> hazards.  She can perform unskilled work involving simple,
> routine and repetitive tasks and no work with the public.  The
> claimant requires a sit/stand option 4 times per hour.

[*Id.*, Tr. 20].  At step four, the ALJ found that Rodriguez was not capable of

performing her past relevant work as a secretary or estimator.  [*Id.*, Tr. 27].

At the final step, after considering Rodriguez's age, education, work

experience, RFC and the testimony of the VE, the ALJ determined that

4

there were jobs in significant numbers that Rodriguez could perform, including positions as packer, sorter, and assembler.  [*Id.*, Tr. 28].

## II.    ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Rodriguez argues that the ALJ improperly rejected her physical impairments because of a lack of objective supporting evidence and that, alternatively, the case should be remanded under the sixth sentence of 42 U.S.C. 405(g) for consideration of new and material evidence.  The Court

agrees that the ALJ improperly assessed Rodriguez's fibromyalgia and complex regional pain syndrome, requiring remand.

### A.

Rodriguez's claimed limitations are inconsistent with the ALJ's finding that she has an RFC for a limited range of light work.  In her function report, Rodriguez alleged that she suffered from joint pain; chronic fatigue; post-surgery pain in her left knee that limited her balance, ability to stand, walk, and lift more than a few pounds; and tingling and numbness in her right side.  [ECF No. 7-6, Tr. 223].  At the hearing, she testified that she often woke up in the morning because of "[her] stomach or one of [her] pains." [ECF No. 7-2, Tr. 46].  She tried to help with cooking but otherwise depended on her husband to do chores and relied on her family to drive her to her doctor.  [*Id.*, Tr. 47].  A normal day for her consisted of using the bathroom, taking medication, light stretching, and alternating positions between sitting, laying down, and standing to relieve her pain.  [*Id.*, Tr. 48].

In June 2015, Rodriguez reported to Patrick E. Young, M.D., that her pain was "everywhere," constant, deep, aching, burning, cramping, heavy, sharp, shooting, and pressure.  [ECF No. 7-9, Tr. 802-03].  She stated that lifting, bending, stretching, straightening, exercise, kneeling, squatting,

6

standing, walking, stair climbing, and general activity aggravated her symptoms.  [*Id.*, Tr. 803].  She also reported numbness and tingling in her hands and feet, sleep disturbance secondary to pain, and pain severity of a six out of ten.  [*Id.*].

The ALJ found that Rodriguez's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [ECF No. 7-2, Tr. 22].  Rodriguez argues that the ALJ did not follow the appropriate regulations and cherry-picked evidence in making this finding. [ECF No. 11, PageID.1130-31].

Social Security Ruling 16-3p, which applies to decisions made on or after March 16, 2016, clarifies that a "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1. *See also Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), adopted, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018) (noting that under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility.").  But courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great

7

weight.  *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018

WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc.*

*Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18,

2018).  Thus, an ALJ's subjective symptom evaluation should not be

disturbed "absent compelling reason."  *Smith v. Halter*, 307 F.3d 377, 379

(6th Cir. 2001).  At the same time, "such determinations must find support

in the record."  *Rogers*, 486 F.3d at 241.

At issue here, when considering the ALJ's subjective symptom

evaluation, is what findings in the record are relevant to Rodriguez's claim

of disabling fibromyalgia.  The Sixth Circuit has noted that the lack of

objective testing for fibromyalgia complicates review of disability claims

based on that diagnosis:

> In stark contrast to the unremitting pain of which [fibromyalgia]
> patients complain, physical examinations will usually yield
> normal results-a full range of motion, no joint swelling, as well
> as normal muscle strength and neurological reactions. There
> are no objective tests which can conclusively confirm the
> disease; rather it is a process of diagnosis by exclusion and
> testing of certain 'focal tender points' on the body for acute
> tenderness which is characteristic in [fibromyalgia] patients."

*Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 817–18 (6th Cir.

1988).  "As it is difficult to pin down objective medical evidence to support a

diagnosis of fibromyalgia, it is even more difficult to produce objective

medical evidence that shows the degree to which fibromyalgia limits the

functioning of its victim." *Laxton v. Astrue*, No. 3:09-CV-49, 2010 WL 925791, *6 (E.D. Tenn. 2010).  Thus, courts in this circuit acknowledge that placing undue emphasis "on a lack of objective medical evidence when addressing both the diagnosis and the treatment of fibromyalgia" is improper.  *Lucas v. Comm'r of Soc. Sec.,* No. 18-10087*, 2019 WL 1117927, at *6 (E.D. Mich. Feb. 21, 2019), *adopted*, 2019 WL 1112280 (E.D. Mich. Mar. 11, 2019) (citations omitted).

That said, diagnosis alone cannot establish disability in any case, including a fibromyalgia case. *See Cooper v. Comm'r of Soc. Sec.*, No. 4:13-CV-11883, 2014 WL 4606010, at *19 (E.D. Mich. June 17, 2014), *adopted,* 2014 WL 4607960 (E.D. Mich. Sept. 15, 2014).  And "[a]lthough physician's clinical notes and observations are critical in assessing the level of impairment caused by fibromyalgia," objective evidence and treating source opinions "are not always given deference in fibromyalgia cases." *Eberhardt v. Comm'r of Soc. Sec.*, No. 15-13811, 2017 WL 971705, at *9 (E.D. Mich. Feb. 16, 2017), *adopted*, 2017 WL 963049 (E.D. Mich. Mar. 13, 2017).  *Eberhardt* provides this guidance:

> Courts should be wary of an ALJ's rationale for denial that relies on the lack of objective evidence, a claimant's ability to complete personal tasks, and a conservative treatment approach. Nevertheless, traditional factors are not summarily disregarded. Uniformity of treating opinions and their consistency with other medical opinions is significant.

9

> Inconsistencies with other evidence, particularly claimant's
> activities and testimony may provide good reason to discount a
> treater's opinion. Even if not fully accepted, a treater's opinion
> has been adequately considered if it has been incorporated in
> the RFC. Critically, the ALJ's explanation of internal
> contradictions or questionable evidence in treating source
> opinions still provides a sufficient basis to uphold the finding.

*Eberhardt*, 2017 WL 971705, at *9 (citations omitted).

Ignoring both the nature of fibromyalgia and the developed jurisprudence on disability determination for these cases, the ALJ emphasized the lack of objective evidence in assessing Rodriguez's fibromyalgia and failed to address adequately Rodriguez's testimony and activities.

The ALJ noted that the objective evidence included "diffuse tenderness with tender spots in all 18 of the designated tender spots of fibromyalgia," in April 2015, which her doctor said "strongly point(s) to a diagnosis of fibromyalgia. [ECF No. 7-2, Tr. 22, citing ECF No. 7-7, Tr. 492].  He noted that Rodriguez had diffuse tenderness to palpation over the upper and lower cervical spine, mild tenderness to palpation over the bilateral cervical paraspinal muscles, and tenderness to palpation over the bilateral lumbar paraspinal muscles, bilateral anterior shoulders, bilateral elbows, bilateral wrists, bilateral sternoclavicular joints, bilateral knees and bilateral ankles in June 2015. [ECF No. 7-2, Tr. 22, citing ECF No. 7-9, Tr.

806].  But the ALJ concluded his analysis of the June 2015 report by

emphasizing the lack of other objective findings.

> Nonetheless, the claimant's strength was 5/5 in the bilateral
> upper and lower extremities.  Active range of motion of the
> cervical spine was only mildly limited.  Straight leg raising was
> negative bilaterally.  Active range of motion of the lumbar spine
> was mildly limited.  There was weakly positive facet loading of
> the cervical spine and lumbar spine with bilateral testing.
> FABER was negative suggesting no pain in the sacroiliac (SI)
> joint.  Neurologic exam revealed sensation was light to touch in
> the bilateral upper and lower extremities.  There was no definite
> trigger points identified throughout the exam of her cervical or
> lumbar regions of her back.

 [*Id.*].

Fibromyalgia patients characteristically "manifest normal muscle

strength and neurological reactions…"  *Preston*, 854 F.2d at 820.  Thus,

Rodriguez's relatively normal strength, range of motion, and testing are not

inconsistent with fibromyalgia, and "are not convincing evidence of lack of

disability…"  *Lucas*, 2019 WL 1117927, at *6.  Nor are these predictably

normal findings inconsistent with Rodriguez's alleged symptoms arising

from her impairments.  The ALJ's reliance on the lack of this type of

objective evidence reflects a fundamental misunderstanding of the nature

of fibromyalgia."  *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 861

(6th Cir. 2011).

Though the ALJ adequately summarized Rodriguez's functional report and testimony, [ECF No. 7-2, Tr. 22], he failed to explain sufficiently which statements he credited, which statements he discredited, and the inconsistencies between the record and Rodriguez's statements. The decision specifies no inconsistencies between Rodriguez's subjective complaints and any treatment notes or her daily activities. The Commissioner is correct that the ALJ need not explicitly discuss each of the SSR 16-3p factors for evaluating the intensity and persistence of a claimant's subjective symptoms such as pain. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009) (no indication that the ALJ failed to consider the factors in SSR 96-7p (predecessor to SSR 16-3p) despite failing to list the factors). But the ALJ's emphasis on Rodriguez's normal muscle strength, range of motion, and neurological function and sensation, leaves the impression that he placed undue weight on those irrelevant findings. And the ALJ's failure to explain why Rodriguez's claims are inconsistent with the record—given her diagnosis of fibromyalgia—means that his subjective symptom analysis precludes meaningful review. *Gross v. Comm'r of Soc. Sec.*, 247 F.Supp.3d 824, 829-30 (E.D. Mich. 2017) (ALJ decision must provide accurate and logical bridge between evidence and result, and must permit meaningful review).

12

On this basis, the Court finds the ALJ did not provide adequate support for the conclusion that Rodriguez's statements were not consistent with the medical or other evidence.

**B.**

Rodriguez also requests a sentence six remand based on evidence from Mary Joe Voepel, D.O., from October 2017 reflecting a diagnosis of "systemic lupus erythematosis."  [ECF No. 7-2, Tr. 8-9].  Sentence six of Section 405(g) permits remand only where a later adjudicator is presented with "*new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence in to the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added).  Rodriguez points to the textbook symptomology of lupus to argue that this diagnosis is material to her case. [ECF No. 11, PageID.1140].  She notes the condition is "frequently accompanied by constitutional symptoms or signs such as severe fatigue and malaise," and "can be accompanied by major organ system involvement including the renal, hematologic, and mental systems."  [*Id.*].

Evidence is "material" if there is a "reasonable probability" that the ALJ would have reached a different decision if the new evidence were considered.  *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2002).  Here, the new records consist of two pages from one visit that contain no new

13

relevant symptoms.  [ECF No. 7-2, Tr. 8-9].  Rodriguez's new diagnosis, alone, cannot meet the materiality requirement.  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (a mere diagnosis "says nothing about the severity of the condition."); *Kennedy v. Astrue*, 247 F. App'x 761, 767 (6th Cir. 2007) (a mere diagnosis does not establish either the condition's severity or its effect on functional limitations).  Thus, these records do not provide cause for remand.  Even so, the Court recommends remand for the reasons stated previously, and these records should be considered by the ALJ at that time.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Rodriguez's motion [ECF No. 11] be **GRANTED**; that the Commissioner's motion [ECF No. 17] be **DENIED**; and that this matter be **REMANDED** for further consideration under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: July 23, 2019                          United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

15