UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONIA I. RODRIGUEZ,

    Plaintiff,

v.

    Case No. 18-11095

COMMISSIONER OF
SOCIAL SECURITY,

    Hon. George Caram Steeh
    Hon. Elizabeth A. Stafford

    Defendant.
_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 19)

On July 23, 2019, Magistrate Judge Elizabeth A. Stafford issued a report and recommendation in this action for social security disability benefits. Magistrate Judge Stafford recommends that the court grant Plaintiff's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand this matter to the ALJ for further consideration under sentence four of 42 U.S.C. § 405(g). The Commissioner submitted objections to the report and recommendation, which the court addresses below.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

ANALYSIS

The ALJ concluded that Plaintiff Sonia Rodriguez was not disabled during the relevant time period. In evaluating Rodriguez's disability claim, the ALJ found that she has the following severe impairments: fibromyalgia, chronic regional pain syndrome, degenerative disc disease, osteoarthritis, obesity, disorder of the urinary tract, and affective disorder. ECF No. 7-2, PageID.41. The ALJ noted that Rodriguez "spends her days alternating from sitting to lying down to standing secondary to pain. . . . With respect to daily activities, [she] reported that her impairments affect her ability to perform personal care tasks including bathing and dressing. . . . She is able to prepare simple meals but not able to perform household chores." *Id.* at PageID.46.

The ALJ determined that Rodriguez could perform light work, with some limitations. In making this determination, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at PageID.46. Rodriguez challenges this conclusion, arguing that the ALJ failed to clearly articulate his reasons for discrediting her subjective complaints and that he placed undue emphasis on the lack of objective evidence, which misapprehends

the nature of fibromyalgia. The magistrate judge agreed, noting that the ALJ "failed to explain sufficiently which statements he credited, which statements he discredited, and the inconsistencies between the record and Rodriguez's statements. . . . [T]he ALJ's emphasis on Rodriguez's normal muscle strength, range of motion, and neurological function and sensation, leaves the impression that he placed undue weight on those irrelevant findings." ECF No. 19, PageID.1206. The magistrate judge reviewed the legal standards involving credibility determinations and fibromyalgia, noting that fibromyalgia patients "characteristically 'manifest normal muscle strength and neurological reactions.'" *Id.* at PageID.1205 (quoting *Preston v. Sec'y of Health and Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988)). Magistrate Judge Stafford concluded that the ALJ's sole reliance on a lack of objective evidence to discount Rodriguez's symptoms "reflects a fundamental misunderstanding of the nature of fibromyalgia." *Id.* (quoting *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 852, 861 (6th Cir. 2011)). In addition, "the ALJ's failure to explain why Rodriguez's claims are inconsistent with the record – given her diagnosis of fibromyalgia – means that his subjective symptom analysis precludes meaningful review." *Id.* at PageID.1206 (citing *Gross v. Comm'r of Soc. Sec.*, 247 F.Supp.3d 824, 829-30 (E.D. Mich. 2017)).

The Commissioner objects to the magistrate judge's finding that the ALJ erred in his analysis of Rodriguez's fibromyalgia symptoms, arguing that the law does preclude reliance upon objective findings in fibromyalgia cases. However, the Sixth Circuit has made clear that a lack of objective evidence, in itself, is not particularly helpful in assessing the existence or severity of fibromyalgia. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243-44 (6th Cir. 2007) ("[I]n light of the unique evidentiary difficulties associated with the diagnosis and treatment of fibromyalgia, opinions that focus solely upon objective evidence are not particularly relevant."). The magistrate judge did not err in her determination that the ALJ failed to adequately support his analysis of Rodriguez's fibromyalgia symptoms.

The Commissioner also argues that any error the ALJ made in assessing Rodriguez's fibromyalgia was mitigated by the ALJ's reliance on the opinion of Dr. Nguyen, who considered Rodriguez's fibromyalgia before concluding she could engage in light work. This argument was not presented to the magistrate judge. *See* ECF No. 17. "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

CONCLUSION

The court agrees with Magistrate Judge Stafford's thorough and well-reasoned analysis. Accordingly, IT IS HEREBY ORDERED that the report and recommendation (ECF No. 19) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 11) is GRANTED, the Commissioner's motion (ECF No. 17) is DENIED, the Commissioner's objection (ECF No. 21) is OVERRULED, and this matter is REMANDED for further consideration under sentence four of 42 U.S.C. § 405(g).

Dated: September 10, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 10, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk